UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------X
MARVIN ANTHONY SMITH,

                Petitioner,                **MEMORANDUM & ORDER**
                                                                  05-CV-1243 (NGG)

- against -

UNITED STATES OF AMERICA,

                Respondent.
-------------------------------------------------X
GARAUFIS, United States District Judge.

On March 8, 2005, Petitioner Marvin Anthony Smith ("Petitioner") filed a motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255 on the grounds that his sentence was inappropriate and that his counsel was ineffective for failing to challenge his sentencing enhancement and to file an appeal on his behalf as directed. (See March 8, 2005 Motion to Vacate, Set Aside or Correct Sentence ("Motion") (Docket Entry # 1) at 4-11.) For the reasons set forth below, Petitioner's motion shall be dismissed unless Petitioner demonstrates, within thirty (30) days, that this proceeding is not moot.

I.    **BACKGROUND**

On January 7, 2004, Petitioner pled guilty to violating 8 U.S.C. § 1326(a), which forbids removed aliens from re-entering the United States. Petitioner pled guilty pursuant to a plea agreement. (September 21, 2005 Letter (Docket Entry # 4) ("Gov't Letter"), Exh. #1 ("Plea Agreement").) Petitioner's Plea Agreement contained a waiver clause whereby Petitioner agreed not to appeal or collaterally attack any sentence imposed of 57 months or less. (Id. at 3.) Petitioner's sentencing range was calculated based on certain stipulations entered into with the

-1-

Government and set forth in the Plea Agreement. (Id.) The parties stipulated that a 16-level enhancement was warranted pursuant to United States Sentencing Guidelines § 2L1.2(b)(1)(A)(i) because Petitioner had been deported following a drug trafficking conviction prior to his unlawful re-entry into the United States.

On March 31, 2004, Petitioner was sentenced to 46 months in prison. (Gov't Letter.) Petitioner did not appeal. (Id.)

## II. MOOTNESS

It has come to the attention of the court that since the filing of his motion Petitioner has been released from federal detention and deported. (See July 3, 2008 Letter (Docket Entry # 9).) Consequently, the court considers sua sponte whether Petitioner's completion of his prison sentence and his subsequent deportation have rendered this proceeding moot. See United States v. Suleiman, 208 F.3d 32, 36 (2d Cir. 2000) ("We consider sua sponte whether Suleiman's completion of his prison sentence or his subsequent deportation have rendered this appeal moot.").

If Petitioner's motion is moot, this court lacks jurisdiction to review it. United States v. Mercurris, 192 F.3d 290, 293 (2d Cir. 1999). Federal courts may exercise jurisdiction only over actions that present a live case or controversy. See U.S. Const. Art. III, § 2, cl. 1. "In order to satisfy the case-or-controversy requirement, a party must, at all stages of the litigation, have an actual injury which is likely to be redressed by a favorable judicial decision." Mercurris, 192 F.3d at 293 (citing Spencer v. Kemna, 523 U.S. 1, 7 (1998)). In other words, a case or controversy exists if there is "'some concrete and continuing injury' or 'collateral consequence' resulting from the conviction." Id.

The existence of continuing collateral consequences is ordinarily presumed when a petitioner challenges his criminal conviction. Spencer, 532 U.S. at 8. "This presumption of collateral consequences has been justified on the theory that 'most criminal convictions do in fact entail adverse collateral legal consequences,' in that convicted criminals often face certain 'civil disabilities' as a result of their conviction." Mercurris, 192 F.3d at 293 (internal citations omitted). Collateral consequences, however, are not presumed where a petitioner challenges the length of his already-served sentence, because comparable civil disabilities generally do not arise from the length of a sentence. Id. at 293-94. Petitioner's challenge to the length of his completed sentence will therefore only satisfy the justiciability requirement of Article III if Petitioner can demonstrate that prevailing on his motion will relieve him "of some concrete and identifiable collateral effect of that sentence." United States v. Hamdi, 432 F.3d 115, 118 (2d Cir. 2005).

Petitioner, as an alien convicted of a controlled substance offense, is barred from re-entering the United States. See 8 U.S.C. § 1182(a)(2)(A)(i)(II). The Second Circuit has, in a case involving a petitioner who was similarly barred from re-entry, found that the immigration consequences of the length of a sentence may create a "concrete and identifiable collateral effect" sufficient to confer jurisdiction. Hamdi, 432 F.3d at 118, 121.

Specifically, the Second Circuit has found that the length of an already-served sentence may affect a petitioner's ability to obtain a discretionary waiver of inadmissibility under 8 U.S.C. § 1182(d)(3).[1] Id. at 121. This provision grants the Attorney General discretion to admit certain

---

[1] In other Second Circuit cases, where, unlike Hamdi, neither of the parties raised 8 U.S.C. § 1182(d) as a source of collateral consequences, the court found the possibility that the length of a petitioner's sentence might generate collateral consequences to be too speculative and remote.

-3-

otherwise inadmissible aliens as temporary, nonimmigrant visitors, including aliens who are forbidden from entering the United States under 8 U.S.C. § 1182(a). See 8 U.S.C. § 1182(d)(3). The court noted that the Attorney General weighs three factors in exercising this discretionary power—(1) the risk of harm to society if the applicant is admitted; (2) the seriousness of the applicant's prior immigration law, or criminal law, violations; and (3) the nature of the applicant's reasons for wishing to enter the United States—and that a non-trivially lower sentence might bear on the first two of these three factors. Hamdi, 432 F.3d at 120. Therefore, since a retroactive reduction of a petitioner's sentence may influence the Attorney General's exercise of his discretion under 8 U.S.C. § 1182(d)(3), a petitioner's intention to seek relief under this provision may be enough to enable a court to retain jurisdiction over his petition.

Petitioner has not indicated that he wishes to avail himself of 8 U.S.C. § 1182(d)(3) and thereby try to re-enter the United States. Because the court cannot presume collateral consequences arising from Petitioner's challenge to the length of his sentence, it cannot assume that Petitioner will seek a discretionary waiver under 8 U.S.C. § 1182(d)(3) or that he will be able to show other collateral consequences arising from the length of his already-served sentence. As Petitioner has not had an opportunity to address this issue, he is granted thirty (30) days to

---

See United States v. Ben Zvi, 242 F.3d 89 (2d Cir. 2001); see also United States v. Mercurris, 192 F.3d 290 (2d Cir. 1999). In Ben Zvi, the court dismissed Ben Zvi's challenge to her five-year sentence as moot because her argument that the length of her sentence was a possible factor that might be considered in future immigration proceedings to grant discretionary relief under 8 U.S.C. § 1182(c) was too speculative to confer Article III standing "in light of the multitude of factors the INS judge might opt to take under consideration." Ben Zvi, 242 F.3d at 99. In Perez v. Greiner, 296 F.3d 123, 126 (2d Cir. 2002), the Second Circuit similarly found no collateral consequences where a habeas petitioner had been deported during the pendency of his appeal, because the petitioner was "permanently inadmissible" for re-entry into the United States based on his criminal convictions under 8 U.S.C. § 1182(a).

show any collateral consequences that might arise from the length of his sentence. If Petitioner fails to respond, his motion will be denied as moot.

## III. CONCLUSION

For the reasons stated above, Petitioner is granted thirty (30) days to show any collateral consequences that might arise from the length of his sentence. If Petitioner fails to respond, his motion will be denied as moot.

SO ORDERED.  
Date: July 16, 2008  
Brooklyn, N.Y.

s/Nicholas G. Garaufis

_____  
NICHOLAS G. GARAUFIS  
United States District Judge